Evan T.L. Hughes, Esquire
The Hughes Firm, LLC
1845 Walnut Street, Suite 932
Philadelphia, PA 19103
Tel 215.454.6680
Fax 610.471.0456
evan.hughes@hughesfirm.pro

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>ALEXANDER JAMES BURKE | CRIMINAL NO. 14-565<br><br>HONORABLE JOEL H. SLOMSKY |

### DEFENDANT'S MOTION IN LIMINE

     AND NOW, comes Defendant, ALEXANDER JAMES BURKE, by and through his attorney, Evan T.L. Hughes, Esquire, and respectfully requests this Honorable Court issue an order in the above-captioned motion in the following matter:

1

1) Any checks for payments in which the United States intends to use and are made prior to Sept. 2008 are not related to the case before the court and will confuse the jury and are not relevant to the matters charged. The referenced checks dated 2002, 2003, 2005, and 2006 concern patent work, some of which is more than 13 years old and for different entities than the entities involved in the matter before the Court including Draeger Corporation and not Siemens. This work was done when Defendant was employed in Iselin, NJ in a different employment position that was terminated in 2009. Defendant was working for a different Siemens management, operating under different employee rules and with different agreements concerning work with Draeger. In contrast, the current case concerns Defendant's employment and work in Malvern, Pa. Allowing entry of this material would necessitate subpoenas for a ample additional information, expand the case, and delay trial. Information would be required concerning agreements with Draeger, waivers, testimony from retired managers, and full details of each work item involved. Also because of the length of time that has passed (almost 15 years) necessary documentation is missing. The different contractual arrangements for Draeger and the employment of Defendant would confuse the jury, obfuscate the issues, and are not relevant to the work at issue in this case

2) Statements by employees #1 (Peter Withstandley), #2 (Josh Ryan), #3 (Peter Kendall) should not be admitted as irrelevant, hearsay, and cumulative in nature.

3)     Information regarding computer analysis should be excluded from evidence because problems with the chain of custody, lack of qualifications of computer personnel, and specific time involving the computer analysis which is not accounted for. The reliability of this evidence is such that merely allowing the jury to give it its proper weight would be insufficient and would unfairly prejudice the defendant and confuse the jury.

4)     Statements that Defendant selected or engaged Mr. Caracappa should be excluded as parole evidence. The Caracappa retainer agreements show Mr. Caracappa was selected and hired by Mr. Staudt as Chief IP Counsel, not Defendant.

5)     Statements that Defendant selected or engaged Mr. Caracappa should be excluded as parole evidence because the Caracappa retainer agreements show Mr. Caracappa was selected and hired by Mr. Staudt as Chief IP Counsel, not Defendant.

6)     Any emails from defendant to ILS fiduciaries not sent to company officers as and emails not sent to company officers as they are do not full under business records exceptions.

WHEREFORE, Defendant requests this Court to grant this Motion in Limine and issue an order prohibiting the United States from introducing this evidence.

**DATED** this 23rd day of September, 2015.

**THE HUGHES FIRM, LLC**

/s/

By _____

    Evan T.L. Hughes, Esq.
    Attorney for Defendant

## VERIFICATION

I, Evan T.L. Hughes, hereby verify that the foregoing statements are accurate and made subject to the penalties of perjury.

/s/

By _____

    Evan T.L. Hughes, Esq.

CERTIFICATE OF SERVICE

I, hereby certify, that on this date a true and correct copy of this Motion was served upon the United States via electronic notice.

/s/

By _____

Evan T.L. Hughes, Esq.